133 So.2d 26

Nancy C. McCLAIN et al.

v.

WOODWARD IRON COMPANY.

6 Div. 431.

Supreme Court of Alabama.

Sept. 14, 1961.

White, Bradley, Arant, All & Rose, Romaine S. Scott, Jr., and J. Robt. Fleenor, Birmingham, for appellants.

Carl G. Moebes, Woodward, for appellee.

GOODWYN, Justice.

This is an appeal from a final decree of the circuit court of Jefferson County, in equity, Bessemer Division, rendered in a statutory proceeding in rem (brought pursuant to Code 1940, Tit. 7, § 1116, et seq., as amended by Act No. 882, appvd. Sept. 12, 1951, Acts 1951, p. 1521) quieting title to the SE ¼ of the NW ¼ of Sec. 18, Tp. 18 South, Range 5 West, lying East of Rock Creek, in said county. The original suit was brought by Woodward Iron Company, appellee, against Edith McClain Schwartz and Nancy C. McClain, appellants, and others, to have the title to the minerals and mining rights in said lands quieted in it. Appellants filed a cross-bill to have title to the entire fee quieted in them (Mrs. Schwartz claiming complete title subject only to the dower rights of Mrs. McClain, as the widow of D. S. McClain, the father of Mrs. Schwartz). The trial court quieted title to the minerals and mining rights in appellee and the surface

in appellants. This appeal is from that decree.

We are concerned on this appeal only with that part of the decree quieting title to the minerals and mining rights. Whether the cross-bill, in seeking to quiet title to the surface, is, in that respect, germane to the original suit, and whether it was error to quiet title to the surface in appellants, are questions not presented for review.

Appellants' insistence is that title to the minerals and mining rights should have been quieted in them because they hold the older color of title, consisting of a tax deed, recognized as being invalid, which D. S. McClain, their predecessor in title, acquired from the judge of probate of Jefferson County, on August 25, 1894, and recorded in the probate office of said county on August 27, 1894. On the other hand, appellee says that the trial court correctly quieted title to such interest in it because it held better color of title than the invalid tax deed relied on by appellants; its said color of title being a deed executed by Birmingham Coal and Iron Company in appellee's favor on April 4, 1912, recorded in the probate office of Jefferson County on April 11, 1912, and containing covenants of seizin and warranty of title. There appears to be no dispute that both appellants and appellee paid taxes on the minerals and mining rights for a period of ten or more consecutive years next preceding the filing of their respective bills, nor is there any question that both the original bill and the cross-bill (see § 1125, Tit. 7, as amended) meet the requirements of §§ 1116 and 1117, Tit. 7, as amended, prescribing when a bill may be filed (§ 1116) and what it should contain (§ 1117).

Section 1116, as amended, provides, in pertinent parts, as follows:

"When any person, natural or artificial, claims either in his own right or in any representative capacity whatsoever, to own any lands or any interest therein * * .* if neither he nor any other person is in the actual pos-

session of the lands, and he holds and has held color of title to the lands, or interest so claimed, for a period of ten or more consecutive years next preceding, and has paid taxes on the lands or interest during the whole of such period * * * he may, if no suit is pending to test his title to, interest in, or his right to the possession of such lands, file a verified bill of complaint in the circuit court in equity of the county in which such lands lie, against said lands and any and all persons claiming or reputed to claim any title to, interest in, lien or encumbrance on said lands, or any part thereof, to establish the right or title to such lands, or interest, and to clear up all doubts or disputes concerning the same."

There appears to be no question that title by adverse possession has not been established either by appellants or by appellee, nor have said parties, as against each other, established either prima facie or conclusive evidence of title under the provisions of § 1123, Tit. 7, as amended, providing as follows:

"§ 1123. Prima facie and conclusive evidence of title.—Against all parties to the bill of complaint who have made no answer thereto within the time allowed for such purpose, and against all persons not intervening in said cause and claiming an interest in said lands prior to the time the cause became at issue, proof of actual, peaceable possession by complainant and color of title to said lands in complainant shall be conclusive evidence of title to said lands in complainant.

"Against all persons who have neither paid any taxes upon said lands nor had any possession thereof, or of any part thereof, during the five years next preceding the filing of the bill of complaint, and against all parties to the bill of complaint who have made no answer thereto within the time allowed

for such purpose, and against all persons not intervening in said cause and claiming an interest in said lands prior to the time the cause became at issue, proof of color of title to said lands in complainant, or in complainant and those through whom he claims title, and payment of taxes during said five-year period by complainant, or by complainant and those through whom he claims title, or proof of exclusive payment of taxes by complainant, or by complainant and those through whom he claims title, during said five-year period, shall be prima facie evidence of title to said lands in complainant. Against all persons who have neither paid any taxes upon said lands nor had any possession thereof, or of any part thereof, during the ten years next preceding the filing of the bill of complaint, and against all parties to the bill of complaint who have made no answer thereto within the time allowed for such purpose, and against all persons not intervening in said cause and claiming an interest in said lands prior to the time the cause became at issue, proof of color of title to said lands in complainant, or in complainant and those through whom he claims title, and payment of taxes during said ten-year period by complainant, or by complainant and those through whom he claims title, or proof of exclusive payment of taxes by complainant, or by complainant and those through whom he claims title, during said ten-year period, shall be conclusive evidence of title to said lands in complainant."

■ Boiled down, the question before us is whether, as between appellee and appellants, the better title rests with one or the other. It is our view that neither has established a better title than the other, although both have established conclusive evidence of title to the minerals and mining rights under § 1123, Tit. 7, as amended, against the other parties to the proceed-

ings. In the fairly recent case of Rollan v. Posey, 271 Ala. 640, 126 So.2d 464, 467, there was involved a question concerning the superiority as between two colors of title not emanating from a common source (as in the instant case) and neither coming from a grantor in possession (as in the instant case). What was there said is conclusive on the question of the superiority of the colors of title in the case before us, viz.:

" * * * We do not understand, however, that either party has proved ownership of the record title because neither traces title from the United States or other sovereign. We do not think the evidence will support a finding that respondents proved anywhere a conveyance from a grantor in possession. It is held in Dunn v. Stratton [160 Miss. 1, 133 So. 140], supra, that the elder of two deeds from a common grantor will prevail, but in the instant case the two chains of conveyances do not emanate from a common grantor. We have not been cited to nor do we know of any case which holds that a claim of title is superior to another merely because the first claim rests on a deed at the end of a chain of conveyances which commences with a deed from a private person, bearing an earlier date than the deed from a different private person with which the second chain of conveyances commences. Appellants' argument based on the fact that the first deed in their chain is dated 1900 while the first deed in appellees' chain is dated 1916 is without merit. * * *"

While there is some evidence bearing on the reformation of deeds in appellee's chain of title which, if accomplished, would have the effect of giving appellee the record title to the minerals and mining rights, we do not gather from the record that this was the basis for the relief sought by appellee nor for the decree granting such relief. As said in Weston v. Weston, 269 Ala. 595, 599, 114 So.2d 898, 900: "A case will

not be reviewed on a theory different from that on which it was tried." We think it would be preferable, if there is any question of reformation, to present such question to the trial court for determination upon appropriate pleadings and proof to that end.

The decree, to the extent that it quiets title to the minerals and mining rights in favor of appellee as against appellants, is reversed and the cause is remanded. In other respects, the decree is affirmed.

Reversed in part, affirmed in part, and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.